1  MARY KATE SULLIVAN (State Bar No. 180203)
   mks@severson.com
2  THOMAS N. ABBOTT (State Bar No. 245568)
   tna@severson.com
3  R. TRAVIS CAMPBELL (State Bar No. 271580)
   rtc@severson.com
4  SEVERSON & WERSON
   A Professional Corporation
5  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
6  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
7
   Attorneys for Defendant
8  NATIONSTAR MORTGAGE, LLC

9

10                   UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

                      SAN FRANCISCO DIVISION
12

13

14  THERESA AGBOWO and MARGARET      | Case No. 14-cv-01295-LB
    AGBOWO,                          |
15                                   | **NOTICE OF MOTION AND MOTION TO**
              Plaintiffs,            | **DISMISS PLAINTIFFS' COMPLAINT;**
16                                   | **MEMORANDUM OF POINTS AND**
          vs.                        | **AUTHORITIES IN SUPPORT THEREOF**
17                                   |
    NATIONSTAR MORTGAGE, LLC, and    | [Filed concurrently with Request for Judicial
18  DOES 1 to 100, inclusive,        | Notice; [Proposed] Order]
                                     |
          Defendants.                | Date:     May 15, 2014
19                                   | Time:     9:30 a.m.
                                     | Crtrm.:   C, 15th Floor
20                                   | Judge:    Hon. Laurel Beeler
21                                   | Action Filed:   February 4, 2014
                                     | Trial Date:     None Set
22

23

24

25

26

27

28

1   **TO THE COURT, PLAINTIFFS AND THERE ATTORNEYS OF RECORD**:

2   **PLEASE TAKE NOTICE** that on May 15, 2014 at 9:30 a.m., or as soon thereafter as the

3   matter may be heard, in Courtroom C; 15th Floor of the above entitled Court located at 450

4   Golden Gate Avenue, San Francisco, California, 94102, defendant NATIONSTAR MORTGAGE,

5   LLC ("Nationstar" or "Defendant") will and hereby does move the Court to dismiss the Complaint

6   of plaintiffs THERESA AGBOWO and MARGARET AGBOWO ("Plaintiffs") without leave to

7   amend.  This Motion is made and based upon Federal Rules of Civil Procedure 8(a), 9(b) and

8   12(b)(6) on the substantive grounds that allegations contained in the Complaint fail to state a claim

9   upon which relief can be granted.

10   This motion is based upon this Notice of Motion, the accompanying Memorandum of

11   Points and Authorities, Request for Judicial Notice filed herewith, and upon all pleadings, papers,

12   and documents on file herein, as well as any oral argument which may be presented at the time of

13   hearing or any matters of which judicial notice is requested and/or is taken.

14

15   DATED:  March 27, 2014                    SEVERSON & WERSON
                                               A Professional Corporation
16

17

18   By:     /s/R. Travis Campbell
                   R. Travis Campbell
19

20   Attorneys for Defendant
     NATIONSTAR MORTGAGE, LLC

21

22

23

24

25

26

27

28

11951.0336/3162988.1                                        14-cv-01295-LB

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
                                          AND AUTHORITIES IN SUPPORT THEREOF

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|

I. INTRODUCTION ................................................................................................. 1

II. FACTUAL BACKGROUND .............................................................................. 2

    A. Loan Origination and Plaintiffs' Default ............................................... 2

    B. Margaret Agbowo's Bankruptcy Petition Revealed She Owns A Second Property ................................................................................................... 2

    C. Nationstar Delayed The Foreclosure Sale For Over A Year To Allow The Borrowers Time To Provide The Necessary Information For A Modification ......... 2

III. ARGUMENT ...................................................................................................... 3

    A. Standard On Motion To Dismiss Pursuant To Rule 12(b)(6) ................... 3

    B. The Section 2923.6 Claims Fail Because There Is No Allegation That The Property Was The Borrowers' Principal Residence ................................... 3

    C. The Section 2923.6 Claim Fails Because Plaintiffs Do Not Allege Facts Showing They Submitted A Complete Loan Modification Application ................... 4

        1. Plaintiffs Do Not Allege Facts Showing They Supplied Nationstar With All The Required Documents ................................................. 5

        2. Plaintiffs Do Not Allege That Any Modification Application Was Submitted In The TimeFrame Prescribed By Nationstar ..................... 5

    D. The "Bad Faith Consideration Of Mortgage Modification" And Fraud Claims Fail .............................................................................................. 6

        1. Nationstar Did Not Make Any Misrepresentation ............................ 6

        2. There Are Not Facts Showing Justifiable Reliance .......................... 7

    E. Plaintiffs Request To Set Aside The Foreclosure Sale Is Precluded As A Matter Of Law ....................................................................................... 8

IV. CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Cahill v. Liberty Mut. Ins. Co.*,
    80 F.3d 336 (9th Cir. 1997) ............................................................................ 3

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ........................................................................ 6

*Paulsen v. CNF Inc.*,
    559 F.3d 1061 (9th Cir. 2009) ..................................................................... 3, 5

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .......................................................................... 3

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .......................................................................... 6

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) .......................................................................... 8

**STATE CASES**

*Alliance Mortg. Co. v. Rothwell*,
    10 Cal.4th 1226 (1995) .................................................................................. 8

*Cadlo v. Owens-Illinois, Inc.*,
    125 Cal.App.4th 513 (2004) ........................................................................... 7

*Engalla v. Permanente Medical Group, Inc.*,
    15 Cal.4th 951 (1997) .................................................................................... 7

*Lazar v. Superior Court*,
    12 Cal.4th 631 (1996) .................................................................................... 6

**STATE STATUTES**

California Civil Code
    § 2923.6. ............................................................................................. 1, 3, 4, 8
    § 2923.6(c)-(d). ........................................................................................ 1, 3
    § 2923.6(c)-(g). ............................................................................................. 4
    § 2923.6(h) ................................................................................................ 1, 5
    § 2923.6(j) ..................................................................................................... 4
    § 2924.12(b) .................................................................................................. 8
    §§ 2924.12(b), (i) ........................................................................................... 8
    § 2924.15(a) ............................................................................................... 1, 4
    § 3294(a) ....................................................................................................... 8

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**RULES**

Federal Rules of Civil Procedure

9(b) .................................................................................................................. 6
11 ....................................................................................................................... 1
12(b)(6) ...................................................................................................... 3, 8

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I. INTRODUCTION

3   Plaintiffs are two of three borrowers who defaulted on a $417,000 loan secured by a deed

4   of trust against real property in Oakland.  For over a year, Nationstar, the loan servicer, repeatedly

5   delayed the foreclosure sale and worked with the borrowers to modify the loan.  Unfortunately,

6   Plaintiffs failed to provide all the information Nationstar required for the modification application,

7   such as verifying who lived at the property.  As a result, the property was sold at public auction

8   and eventually purchased by a bona fide purchaser for value.  Plaintiffs contend that the sale

9   violated section 2923.6(c)-(d) of the California Civil Code (the "Code"), part of the recently

10  enacted Home Owner Bill of Rights ("HBOR"), and that Nationstar committed fraud by failing to

11  review their modification in good faith.  The claims fail as a matter of law.

12      The HBOR only applies to "owner-occupied" properties.[1]  To be "owner-occupied," the

13  property must be the borrowers' primary residence.  There is no allegation that the borrowers lived

14  at the property.  Indeed, in her bankruptcy action, Margaret Agbowo stated under penalty of

15  perjury that she owns at least one other property at which one or more of the borrowers may

16  reside.  Unless Plaintiffs can affirmatively allege consistent with their Rule 11 obligations, that the

17  property was the principal residence of all three borrowers, including the nonparty Lazarus

18  Agbowo, the HBOR is inapplicable.

19      Even if the HBOR applied, however, the claim still fails because section 2923.6 only

20  applies to "complete" loan modification applications.[2]  Plaintiffs have not alleged facts showing

21  they submitted a "complete" application.  Under the statute, "complete" means that the borrowers

22  supplied all the documents required by Nationstar within a reasonable timeframe specified by

23  Nationstar.  Plaintiffs' conclusory allegations are not enough to show they submitted all the

24  information required by Nationstar within the specified timeframe.  Indeed, the allegations in the

25  Complaint show that they did not submit all information within a reasonable time.

26

27      [1] Cal. Civ. Code § 2924.15(a).
        [2] Cal. Civ. Code § 2923.6(h).

28

11951.0336/3162988.1

14-cv-01295-LB

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

1    Finally, Plaintiffs cannot state a claim for Fraud and "Bad Faith Consideration of Mortgage

2    Modification." Plaintiffs have not identified any misrepresentation by Nationstar, nor have they

3    alleged facts constituting reliance, or that any alleged reliance was justified. Indeed, the

4    Complaint and judicially noticeable facts show that Nationstar was actively working with

5    Plaintiffs to obtain the necessary information. The claims are baseless.

6    Because the HBOR does not apply and Plaintiffs cannot identify any basis for a fraud

7    claim, the Complaint should be dismissed with prejudice.

8                             **II.  FACTUAL BACKGROUND**

9    **A.     Loan Origination and Plaintiffs' Default**

10    On September 21, 2006, Lazarus, Theresa and Margaret Agbowo (the "Borrowers") took

11    out a $417,000 loan from Home Loan Specialists, Inc. secured by a deed of trust against the real

12    property known as 850 53rd Street, Oakland, California 94608 ("the property"). *See* RJN[3] at Ex

13    A. They failed to make their monthly payments and a Notice of Default was recorded on

14    November 10, 2010. *Id.* at Ex. B.

15    **B.     Margaret Agbowo's Bankruptcy Petition Revealed She Owns A Second Property**

16    To prevent the foreclosure sale of the property, Margaret Agbowo filed a Chapter 13

17    bankruptcy petition on March 3, 2011. *Id.* at Ex. C. In her bankruptcy schedules she disclosed

18    under penalty of perjury that the property is a two bedroom, one bath cottage and that she also

19    owns a separate property in Oakland. *Id.* at Ex. D, p. 3.

20    **C.     Nationstar Delayed The Foreclosure Sale For Over A Year To Allow The Borrowers
            Time To Provide The Necessary Information For A Modification**

21

22    Nationstar repeatedly delayed the sale of the property to give the Borrowers time to

        complete the loan modification application. *Id.* at Exs. E-G. Indeed, Nationstar worked with the
23
        Borrowers to help them supply the necessary documents information. *See* Complaint ("Compl.")
24
        at ¶ 9. After Nationstar had delayed the sale twice and the Borrowers had failed to provide the
25
        information Nationstar required, such as verifying who lived at the property, the foreclosure sale
26

27    _____

        [3] Request For Judicial Notice In Support Of Motion To Dismiss Complaint ("RJN").
28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

took place on September 26, 2013—almost three (3) full years after the recording of the Notice of Default in 2010. *See* Compl. at ¶¶ 6-7, 9, 14; RJN at Ex. H.  This was also nearly a year after the sale had originally been noticed.  RJN at Ex. E.  Following the sale, Nationstar held the property for over two months, keeping open the possibility of rescission, but eventually sold it to a third party on December 3, 2013, after notifying the Borrowers in writing that it could not modify the loan without proof the property was owner-occupied. *Id.* at ¶ 4. *Id.* at Ex. I.

## III.  ARGUMENT

### A.      Standard On Motion To Dismiss Pursuant To Rule 12(b)(6)

A complaint may be dismissed pursuant to Rule 12(b)(6) if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In ruling on a motion to dismiss, material factual allegations in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1997).

However, the Court need not accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).  "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not [survive a motion to dismiss]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Indeed, a complaint will not suffice if it tenders naked assertions devoid of further factual enhancement. *Id.*  Nor must the court accept as true allegations in the complaint that contradict documents that are attached as exhibits. *Sprewell*, 266 F.3d at 988; *see also Paulsen v. CNF Inc.,* 559 F.3d 1061, 1071 (9th Cir. 2009) ("We are not ... required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.")

### B.      The Section 2923.6 Claims Fail Because There Is No Allegation That The Property Was The Borrowers' Principal Residence

Plaintiffs allege that Nationstar violated section 2923.6(c) and (d) of the Code by failing to

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   "review and consider" their "request for a mortgage modification in good faith" and proceeded

2   with the foreclosure without notifying them that their modification request had been denied.

3   Compl. at ¶¶ 19-21.  Section 2923.6(c)-(g) of the Code is part of the HBOR that became effective

4   on January 1, 2013.  The HBOR only applies to "first lien mortgages or deeds of trust that are

5   secured by <u>owner-occupied</u> residential real property . . . ."  Cal. Civ. Code § 2924.15(a) (emphasis

6   added); *id.* § 2923.6(j).  To be "owner-occupied" the property must be "the principal residence of

7   <u>the borrower</u> and is security for a loan made for person, family, or household purposes."  *Id.* §

8   2924.15(a) (emphasis).

9          "The borrower" here is actually three people as defined by the deed of trust:  RJN at Ex. A.

10  Plaintiffs and non-party Lazarus Agbowo.  *Id.*  As a result, the HBOR is only triggered if Plaintiffs

11  can allege that the property was all three borrowers' principal residence.  Plaintiffs, however, do

12  not allege that the property was the principal residence of <u>any</u> of the Borrowers.  Further, Plaintiff

13  Margaret Agbowo's bankruptcy schedules indicate that one or more of the Borrowers may have

14  resided at a different property.  *See* RJN at Ex. D, p. 3.  Indeed, the property at issue is a two

15  bedroom, one bathroom cottage, further supporting the conclusion that it was *not* the principal

16  residence for all three Borrowers.  *Id.*  Regardless, unless Plaintiffs can allege that the property

17  was "owner-occupied" as defined by the statute, the HBOR claim must be dismissed with

18  prejudice.

19  **C.      The Section 2923.6 Claim Fails Because Plaintiffs Do Not Allege Facts Showing They
            Submitted A Complete Loan Modification Application**

20

21          Even if the HBOR did apply, Plaintiffs have not pled facts showing they submitted a

22  complete application.  Section 2923.6(c)-(g) governs how a lender must proceed when the

23  borrower submits a "complete application for first lien loan modification."  *Id.* § 2923.6(c)-(g).

24  An application is only "complete" when "the borrower has supplied the mortgage servicer with all

25  documents <u>required by the mortgage servicer</u> within the <u>reasonable timeframes specified by the</u>

26  <u>mortgage servicer</u>."  *Id.* § 2923.6(h) (emphasis added).

27          Thus, alleging that the property was "owner-occupied" is necessary to state a prima facie

28  case under section 2923.6, but *not sufficient*; Plaintiffs must also allege: 1) that they "supplied all

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

of the documents required by" Nationstar and 2) that the documents were supplied "within the reasonable timeframes specified by" Nationstar.  *See* Cal. Civ. Code §§ 2923.6(j). 2924.15(a), 2923.6(h).  There are no facts to satisfy either of these elements.

1.   **Plaintiffs Do Not Allege Facts Showing They Supplied Nationstar With All The Required Documents**

Plaintiffs concede that in the months leading up to the foreclose sale Nationstar required that they provide additional documents and information in order to complete the modification application.  *See* Compl. at ¶ 9.  Allegedly, three days before the foreclosure sale, Plaintiffs claim a third party "submitted information requested by defendant" and they "reasonably believed that all of the information required by Defendant had been provided."  *See* Compl. at ¶¶ 7, 9.  These conclusory allegations merely reiterate the statute and are not entitled to the assumption of truth. *See Paulsen,* 559 F.3d at 1071 ("we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.").

Plaintiffs must allege what documents Nationstar required and what documents Plaintiffs supplied.  Other than referencing two documents, Plaintiffs' Complaint sheds no light on what "additional information" Nationstar was requesting from them and whether they provided it.  *See* Compl. at ¶ 9.  Plaintiffs also do not allege that they ever confirmed with Nationstar who actually lived at the property.  As discussed above, to this day it is entirely unclear.  Indeed, this was the basis for Nationstar's written notice denying the modification request.

Plaintiffs were clearly frustrated with having to submit information in connection with the modification application, but to be a "complete" application, Plaintiffs must allege facts showing they "supplied the mortgage servicer with all documents required by the mortgage servicer."  Cal. Civ. Code § 2923.6(h).  Plaintiffs conclusory allegation that they submitted the information requested three days before the sale is insufficient.

2.   **Plaintiffs Do Not Allege That Any Modification Application Was Submitted In The TimeFrame Prescribed By Nationstar**

Plaintiffs also fail to allege what timeframe Nationstar required them to submit the "additional documents" within and that the documents they did allegedly submit were within that timeframe.  Indeed, facts subject to judicial notice show that Nationstar was actively working with

1  Plaintiffs for over a year. *See* RJN at Exs. E-G. Further, Plaintiffs concede they were continuing

2  to submit documents up until three days before the sale. Compl. at ¶ 7. As a result, it is likely that

3  the documents were not submitted within the timeframe specified by Nationstar. Regardless,

4  Plaintiffs silence on this element is fatal to their claim.

5  **D.    The "Bad Faith Consideration Of Mortgage Modification" And Fraud Claims Fail**

6            Plaintiffs' "Bad Faith Consideration Of Mortgage Modification"[4] and Fraud claims are

7  based on similar allegations: 1) Nationstar "wrongfully refused to consider" their "request for a

8  mortgage modification in good faith," 2) that Nationstar's alleged acts were "part of [a] scheme"

9  to obtain possession of the property . . . and then resell it for a profit" and 3) Nationstar

10 "intentionally misrepresented the status of their request for a home mortgage modification." *See*

11 Compl. at ¶ 8, 13, 26, 28-29.

12           To state a claim, Plaintiffs must allege: "(a) misrepresentation (false representation,

13 concealment, or nondisclosure); (b) knowledge of the statement's falsity (scienter); (c) intent to

14 defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage. *Lazar v.*

15 *Superior Court*, 12 Cal.4th 631, 638 (1996). Further, "in alleging fraud or mistake, a party must

16 state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

17 "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires

18 more specificity including an account of the time, place, and specific content of the false

19 representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG*

20 *LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations omitted).

21           **1.    Nationstar Did Not Make Any Misrepresentation**

22           Plaintiffs have not identified any misrepresentation by Nationstar. Not only did Nationstar

23 consider their request for modification, it delayed the sale of the property multiple times while it

24 _____

25           [4] Nationstar has not uncovered any authority showing a cause of action for "Bad Faith
   Consideration Of Mortgage Modification" exists. Nationstar submits it does not. Based on the
   allegations of "wrongful intent" (Compl. at ¶ 8), however, the claim sounds in fraud and therefore,

26 the Court should apply Rule 9(b)'s heightened pleading standard. *See Kearns v. Ford Motor Co.*,
   567 F.3d 1120, 1124-25 (9th Cir. 2009) (even if fraud is not "an essential element" of a claim,

27 Rule 9(b) still applies to claims that "are grounded in fraud" (also known as claims that "sound in
   fraud") and to "averments of fraud.").

28

1   worked with Plaintiffs to obtain the necessary documents.  *See* RJN at Exs. E-G; Compl. at ¶ 9

2   ("Defendant continued to request additional information from Plaintiffs.").  There was no fraud.

3   To the contrary, Nationstar was actively working with Plaintiffs to obtain the necessary

4   information for a complete modification application.

5          Similarly, there was no "scheme" to obtain and sell the property.  *See* Compl. at ¶ 13.

6   Indeed, had there been Nationstar could have refused to even consider their request for a

7   modification and sold the property in 2012.  *See* RJN at Ex. E.  They waited over a year

8   specifically to give Plaintiffs an opportunity to submit the necessary materials to be considered for

9   a modification.  Plaintiffs' conclusory allegation that there was some type of "scheme" to defraud

10  them is cynical and meritless.

11         Nor did Nationstar make any misrepresentations in connection with the "status" of the

12  modification.  *See* Compl. at ¶ 28.  Plaintiffs own allegations reveal that Nationstar was requesting

13  additional documents and that Plaintiffs were allegedly still submitting three days before the

14  foreclosure sale.  *Id.* at ¶ 7, 9.  Plaintiffs were perfectly aware of the sale date, which was reflected

15  in the recorded Notice of Trustee's Sale.  RJN at Ex. G.  Plaintiffs do not allege that Nationstar

16  told them they would delay the sale (which they had already done three separate times) and then

17  proceeded with it.  There was no misrepresentation, and based on the facts alleged in the

18  Complaint, theories of liability based on misrepresentations simply do not make sense.

19         **2.      There Are Not Facts Showing Justifiable Reliance**

20         "[T]he mere assertion of 'reliance' is insufficient" to state a claim.  *Cadlo v. Owens-*

21  *Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004).  Plaintiffs must show that "the defendant's

22  misrepresentation is an immediate cause of the plaintiff's conduct, altering his legal relations, and

23  when, absent such a representation, the plaintiff would not, in all reasonable probability, have

24  entered into the transaction."  *Id.* (citing *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th

25  951, 976 (1997)).

26         Plaintiffs do not explain how they relied on any alleged misrepresentation or that such

27  reliance was justified.  They merely claim that they "relied on the representations  of the

28  employees of Defendant . . . that they would consider their request for a mortgage modification in

1  good faith." Compl. at ¶ 31. This is insufficient. *Cadlo,* 125 Cal.App.4th at 519. Indeed,

2  Plaintiffs do not allege how any misrepresentation caused them to alter their actions. They do not

3  contend they could have cured the default or submit the necessary documents for the modification

4  but for relying on some alleged misrepresentation by Nationstar. Put simply, notwithstanding

5  Plaintiffs' conclusory allegation to the contrary, there was no reliance.

6  **E.     Plaintiffs Request To Set Aside The Foreclosure Sale Fails As A Matter Of Law**

7          Plaintiffs request that the Court set aside the foreclosure sale of the property. *See* Compl.

8  at ¶¶12, 33(C). Claims for damages that are precluded as a matter of law are properly challenged

9  on a Rule 12(b)(6) motion to dismiss. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970,

10  974 (9th Cir. 2010).

11         Even if successful, none of the causes of action asserted in the Complaint allow Plaintiffs

12  to set aside the foreclosure sale. The remedy for a material violation of Section 2923.6 of the

13  Code after the foreclosure sale has occurred is "actual economic damages" Ca. Civ. Code §

14  2924.12(b).[5] Indeed, section 2924.12(e) states that a violation does not "affect the validity of a

15  sale in favor of a bona fide purchase . . . ." Here, the property has been sold to a bona fide

16  purchaser for value. *See* Compl. at ¶ 4; RJN at Ex. I. Section 2923.6 does not authorize setting

17  aside the sale.

18         Similarly, setting aside the sale is not a remedy for fraud. Plaintiffs may only recover

19  actual damages measured as their out-of-pocket pecuniary loss and, if proven by clear and

20  convincing evidence, punitive damages. *See* Cal. Civ. Code § 3294(a); *Alliance Mortg. Co. v.*

21  *Rothwell*, 10 Cal.4th 1226, 1239-41 (1995) (discussing damages recoverable for fraud claims).

22  They may not set aside the sale.

23         Because Plaintiffs' request to set aside the foreclosure sale is not an authorized remedy

24  under any of their claims, it should be dismissed with prejudice.

25  / / /

26  _____

27  [5] If the material violation is found to be "intentional, reckless, or resulted from willful misconduct" the Court may award "the greater of treble actual damages or statutory damages of fifty thousand dollars" and attorneys' fees and costs. Ca. Civ. Code §§ 2924.12(b), (i).

28

11951.0336/3162988.1                                8                              14-cv-01295-LB
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

### IV.  CONCLUSION

2         For the reasons stated herein, Nationstar requests the Court issue an order dismissing the

3   Complaint with prejudice.

4

5   DATED:  March 27, 2014                    SEVERSON & WERSON
                                              A Professional Corporation
6

7

8                                            By:    _____/s/R. Travis Campbell_____
                                                         R. Travis Campbell
9
                                             Attorneys for Defendant
10                                           NATIONSTAR MORTGAGE, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF