UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| THERESA AGBOWO, et al.,<br><br>        Plaintiffs,<br>    v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>        Defendant.<br>_____/ | No. C 14-01295 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF No. 7] |

## INTRODUCTION

Theresa Agbowo and Margaret Agbowo (collectively, "Plaintiffs") sued Nationstar Mortgage ("Nationstar") and Does 1-100 in Alameda County Superior Court for claims related to "Defendant's" or "Defendants'" failure to provide them with a loan modification and "Defendant's" subsequent foreclosure upon their property. *See* Notice of Removal, Ex. A ("Complaint"), ECF No. 1 at 14-20.[1] Nationstar removed the action to this court and now moves to dismiss Plaintiffs' Complaint. Notice of Removal, ECF No. 1; Motion, ECF No. 7. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable to be determined without oral argument and vacates the May 15, 2014 hearing. Upon consideration of the papers permissibly submitted and the applicable authority, the court **GRANTS** Nationstar's motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint. Plaintiffs may file a First Amended Complaint by May 26, 2014.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 14-01295 LB
ORDER

**STATEMENT**

**I. THE FORECLOSURE UPON THE AGBOWOS' PROPERTY**

On either September 7, 2006, Lazarus Agbowo, Theresa Agbowo, and Margaret Agbowo (collectively, the "Agbowos")[2] executed a promissory note and borrowed $417,000 from Home Loan Specialists, Inc. *See* Request for Judicial Notice ("RJN")[3], Ex. A ("Deed of Trust"), ECF No. 7-1 at 5-30. The loan was secured by Agbowo's property located at 850 53rd Street, Oakland,

---

[2] For clarity's sake, the court notes that "the Agbowos" include Lazarus, Theresa, and Margaret, while "Plaintiffs" include only Theresa and Margaret. Lazarus is not a plaintiff to this action.

[3] The facts are taken from the Complaint and the documents submitted by Nationstar that are subject to judicial notice. Nationstar asks the court to take judicial notice of the following documents: (1) a Deed of Trust, dated September 7, 2006, that was recorded in the Official Records of the Alameda County Recorder's Office as document number 2006357025 on September 21, 2006; (2) a Notice of Default, dated November 5, 2010 and which relates to Plaintiffs' 2006 loan, that was recorded in the Official Records of the Alameda County Recorder's Office as document number 2010332006 on November 10, 2010; (3) a Voluntary Petition filed by Margaret Ogbowo on March 11, 2011 in a bankruptcy action filed in the United States Bankruptcy Court for the Northern District of California; (4) a Summary of Schedules filed by Margaret Ogbowo on April 8, 2011 in a bankruptcy action filed in the United States Bankruptcy Court for the Northern District of California; (5) a Notice of Trustee's Sale, dated November 6, 2012 that was recorded in the Official Records of the Alameda County Recorder's Office as document number 2012376928 on November 8, 2012; (6) a Notice of Trustee's Sale, dated April 26, 2013, that was recorded in the Official Records of the Alameda County Recorder's Office as document number 2013150789 on April 30, 2013; (7) a Notice of Trustee's Sale, dated August 26, 2013, that was recorded in the Official Records of the Alameda County Recorder's Office as document number 2013291912 on August 28, 2013; (8) a Trustee's Deed Upon Sale, dated September 30, 2013, that was recorded in the Official Records of the Alameda County Recorder's Office as document number 2013326911 on October 8, 2013; and (9) a Quitclaim Deed, dated December 3, 2013, that was recorded in the Alameda County Recorder's Office as document number 2013389679 on December 23, 2013. *See* Request for Judicial Notice ("RJN"), Exs. A-I, ECF No. 7-1.

The court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because the documents listed above are public records, the court may take judicial notice of the undisputed facts contained in them. *See* Fed. R. Evid. 201(b); *Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 264-67 (2011). Plaintiffs have not objected to the court's consideration of these documents or challenged any of the facts in them. *See generally* Opposition, ECF No. 11. Accordingly, the court takes judicial notice of Exhibits A though J (numbered 1-10 above) attached to Nationwide's request.

1 California, 94608 (the "Property").  Complaint ¶ 1; Deed of Trust, ECF No. 7-1.  The promissory
2 note eventually was transferred to "Defendant."  Complaint ¶ 2.

3 At some time, "Plaintiff" (singular) remodeled a "duplex," which presumably is the Property, to
4 fit "their" (plural) needs.  *Id.* ¶ 12.  Thereafter, either "Plaintiff" or "Plaintiffs" moved into the
5 duplex.  *Id.*

6 On November 10, 2010, Quality Loan Service Corporation ("Quality Loan"), as the agent for the
7 beneficiary of the Deed of Trust, recorded a Notice of Default stating that the Agbowos were
8 $27,019.50 in arrears on the loan as of November 5, 2010.  RJN, Ex. B ("Notice of Default"), ECF
9 No. 7-2 at 2-6.  Nearly two years later, on November 8, 2012, Quality Loan recorded a Notice of
10 Trustee's Sale stating that the Agbowos were in default and that a trustee's sale would take place on
11 December 5, 2012.  RJN, Ex. E ("First Notice of Trustee's Sale"), ECF No. 7-2 at 47-48.

12 Apparently, this trustee's sale did not occur, because Quality Loan recorded a second Notice of
13 Trustee's Sale on April 30, 2013.  RJN, Ex. F ("Second Notice of Trustee's Sale"), ECF No. 7-2 at
14 50-51.  This time, the trustee's sale was scheduled to take place on May 28, 2013.  *Id.*

15 This trustee's sale apparently did not take place either, as Quality Loan recorded a third Notice
16 of Trustee's Sale on August 28, 2013.  RJN, Ex. G ("Third Notice of Trustee's Sale), ECF No. 7-2 at
17 53-54.  The trustee's sale was scheduled to take place on September 26, 2013.  *Id.*  This time, the
18 sale did take place.  Complaint ¶ 4; RJN, Ex. H ("Trustee's Deed Upon Sale"), ECF No. 7-2 at 56-
19 57.  Although Plaintiffs allege that "Defendant" both sold and bought the Property, Complaint ¶ 4,
20 the Trustee's Deed Upon Sale indicates that the Property was purchased by Nationstar for
21 $424,037.53.  Trustee's Deed Upon Sale, ECF No. 7-2 at 56-57.  "Defendant" (presumably
22 Nationstar) then retained an attorney to evict them from the Property, but in January 2014, after it
23 became clear that the eviction process was not viable, "Defendant" sold the Property to George
24 Lazada.  Complaint ¶ 4.  Mr. Lazada apparently has agreed not to proceed with an eviction for the
25 time-being.  *Id.*

26 **II. PLAINTIFFS' APPLICATION FOR A LOAN MODIFICATION**

27 Plaintiffs allege that, through their agent Hyatt Brokers, they submitted an application for a loan
28 modification to "Defendant" or "Defendants" on July 26, 2013, but "Defendant" or "Defendants"

1 "wrongfully refused" to consider them for one. *Id.* ¶¶ 5, 8-9. Plaintiffs also allege that they
2 "submitted a request for a mortgage modification with Defendant after the note and deed of trust
3 were transferred to [it]," *id.* ¶ 17, but if by "Defendant" Plaintiffs refer to Nationwide, this allegation
4 conflicts with Plaintiffs' allegation that they submitted an application to Nationwide on July 26,
5 2013 because Nationwide did not purchase the Property until September 26, 2013. Regardless,
6 Plaintiffs also allege that they submitted "the information requested by Defendant" along with the
7 application. *Id.* ¶ 9. "Defendant," however, "continued to request additional information from
8 Plaintiffs," such as "a signed IRS form 4506T-EZ and a profit and loss statement for rental property
9 owned by Margaret Agbowo." *Id.*; *see also id.* ¶ 13 (same). "Each time that Defendant requested
10 this information Plaintiffs provided the fully executed forms which were faxed to them by the agent
11 hired to help them obtain a mortgage modification." *Id.*; *see also id.* ¶ 5 (alleging that "Defendant
12 made several requests for . . . information from Plaintiffs" and that "[e]ach of these requests was
13 replied to with the requested information"). Plaintiffs allege that they "reasonably believed that all
14 of the information required by Defendant had been provided to Defendant." *Id.* ¶ 9. Plaintiffs also
15 allege that the September 26, 2013 trustee's sale took place "just 3 days after [P]laintiffs submitted
16 information requested by "[D]efendant." *Id.* ¶ 7.

17 Plaintiffs allege that they received a letter from "Defendant" dated December 3, 2013 that stated
18 that their loan modification application was denied "as there were two addresses submitted and
19 [Defendant] could not verify that the owner actually lived at the [Property] that was [the] security for
20 the loan." *Id.* ¶ 6; *see also id.* ¶ 14 (same).

21 On December 16, 2013, Plaintiffs, through their counsel, "sent a letter to Defendant requesting
22 that [it] provide a copy of Plaintiffs['] file in regard to the mortgage modification." *Id.* ¶ 10.
23 "Defendant has not responded to that request." *Id.*

24 **III. THE INSTANT ACTION**

25 Plaintiffs filed their Complaint against Nationwide and Does 1-100 in Alameda County Superior
26 Court on February 4, 2014. *See* Complaint, ECF No. 1 at 14-20. They bring claims for (1) "bad
27 faith consideration of mortgage modification"; (2) breach of "CC § 2923.6(c) and (d)" (by which
28 Plaintiffs presumably refer to "California Civil Code" §§ 2923.6(c) and (d)); and (3) fraud. *Id.* ¶¶ 8-

33. Essentially, Plaintiffs allege that "Defendants," including Nationwide, did not review and consider their loan modification application in good faith. *See id.* ¶¶ 8, 18, 26, 30. Instead, "Defendant" or "Defendants" denied their application as part of a "scheme . . . to obtain possession of the [P]roperty by way of a foreclosure and then resell it at a profit." *Id.* ¶ 13. They allege that this is shown by the facts that "Defendant" or "Defendants" continued to ask them for the same documents over and over, did not deny their application until more than two months after the Property was sold at the September 26, 2013 trustee's sale, and did not tell them how to sufficiently verify the home address of Plaintiffs. *See id.* ¶¶ 13, 19, 21, 27. They also allege that "Defendant" or "Defendants" intentionally misrepresented the status of their loan modification application so that the Property would be sold for a profit at the trustee's sale. *See id.* ¶ 28. They also allege that the trustee's sale was performed before they received notice that their loan modification application had been denied. *Id.* ¶ 29. As a result, Plaintiffs allege that they have been damaged in the sum of $500,000 and will suffer irreparable injury if the September 26, 2013 trustee's sale and the subsequent sale of the Property to Mr. Lazada in January 2014 are not set aside. *Id.* ¶¶ 12, 15, 33.

On March 27, 2014, Nationwide filed a motion to dismiss Plaintiffs' Complaint. *See* Motion, ECF No. 7. Plaintiffs filed an opposition brief on April 10, 2014, *see* Opposition, ECF No. 11, and Nationwide filed a reply brief on April 17, 2014, *see* Reply, ECF No. 12.[4]

## ANALYSIS

### I. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

---

[4] On May 2, 2014, Plaintiffs filed, without permission, a sur-reply to Nationwide's reply brief. *See* Sur-Reply, ECF No. 13. This was done in violation of this District's local rules, *see* N.D. Cal. Civ. L.R. 7–3(d), and thus the court does not need to consider it. Nevertheless, the arguments Plaintiffs make in it do not change the outcome here.

defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## II. DISCUSSION

### A. Plaintiffs' Complaint Must Be Dismissed Because It Is Extremely Unclear

As an initial matter, the court must discuss Plaintiffs' failure to specify exactly which Defendant they are talking about in their Complaint. As noted above, Plaintiffs bring this action against Nationstar—which is the only named Defendant—and Does 1-100. Normally, this does not present confusion because the factual allegations in a complaint are clearly described and the actions clearly attributable to a particular defendant. But here, it is not clear which allegations describe conduct taken by Nationstar and which describe conduct taken by other possible Defendants. For instance, at several times Plaintiffs allege that they requested a loan modification from "Defendant" before the September 26, 2013 Trustee's Sale, but if Nationstar did not purchase the Property until September 26, 2013 Plaintiffs may have been seeking a loan modification from someone other than Nationstar.

1  (And while Nationstar states in its motion that it serviced Plaintiffs' loan and delayed the foreclosure
2  for over a year, *see*, *e.g.*, Motion, ECF No. 7 at 6, this does not necessarily clear up the problem
3  identified above.) Plaintiffs also allege that "Defendant" sold the Property, and also that
4  "Defendant" bought the Property. Without specificity or additional allegations, this does not make
5  sense. Plaintiffs further allege that "Defendant" sent them a letter denying their loan modification
6  on December 3, 2013, but Plaintiffs do not specify whether Nationstar or some other Defendant sent
7  the letter. Plaintiffs also allege that "Defendant" has not responded to their December 16, 2013
8  letter requesting a copy of their loan modification application file, but, again, it is unclear whether
9  Plaintiffs refer to Nationstar or some other Defendant.

10  (The court notes that Plaintiffs' opposition brief also suffers from the same problem. *See*, *e.g.*,
11  Opposition, ECF No. 11 at 6 (stating that "Defendants" requested clarification about the Property's
12  occupants, but then stating that "defendant's" (singular) December 3, 2013 letter told Plaintiffs that
13  the loan modification application was denied because "they" (plural) were unable to verify that the
14  Property was Theresa Agbowo's primary residence).

15  These ambiguities matter here because without knowing who Plaintiffs sought a loan
16  modification from, the court cannot address the merits of Plaintiffs' claims and Nationstar's
17  substantive arguments about them. Accordingly, the court finds that Plaintiffs' complaint does not
18  comport with the notice pleading standings under Rule 8(a) and does not state a plausible claim for
19  relief. Their Complaint must be dismissed without prejudice for this reason.

20  **B. Plaintiffs' "Bad Faith" and Fraud Claims Are Not Sufficiently Alleged**

21  In its motion, Nationstar argues that Plaintiffs' first claim for "bad faith consideration of
22  mortgage modification" and third claim for fraud fail because they did not identify any
23  misrepresentation it made and did not allege facts to demonstrate that they justifiably relied upon
24  any misrepresentation. *See* Motion, ECF No. 7 at 11-13.

25  The court agrees. Under Federal Rule of Civil Procedure 9(b), a party alleging fraud or
26  intentional misrepresentation must satisfy a heightened pleading standard by stating with
27  particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Specifically, "[a]verments
28  of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct

charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Further, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (superceded by statute on other grounds)). A plaintiff must also differentiate his allegations when suing more than one defendant, especially in the context of fraud claims. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

Obviously, given the lack of specificity the court identified above, Plaintiffs' allegations do not meet this standard. Plaintiffs' attempts to add such specificity in their opposition brief do not help, as all factual allegations must be made in their Complaint. Accordingly, the court must dismiss Plaintiffs' first and third claims.

### C. Plaintiffs' HBOR Claim Is Not Sufficiently Alleged, Either

Nationstar argues that Plaintiffs' second claim for violations two provisions—California Civil Code §§ 2923.6(c) and (d)—of California's Homeowners' Bill of Rights ("HBOR")[5] fail because Plaintiffs did not allege that the Property was "owner-occupied," as defined in California Civil Code § 2924.15(a), and that they submitted a complete loan modification application. *See* Motion, ECF No. 7 at 8-11. In their opposition brief, Plaintiffs appear to concede that their claim is not sufficiently alleged and argue that the deficiencies identified by Nationstar "can be easily cured." Opposition, ECF No. 11 at 6; see id. at 8 (noting in the "Conclusion" that "Plaintiffs will have no difficulty curing all of the pleading deficiencies raised by defendant"). They nevertheless provide further factual allegations in this regard, *see* Opposition, ECF No. 11 at 5-7, but this does not suffice, as all factual allegations must be made in the Complaint. Accordingly, the court will

---

[5] Generally speaking, HBOR is a California state law that provides protections for homeowners facing foreclosure and reforms some aspects of the foreclosure process. Its purpose is to ensure that homeowners are considered for, and have a meaningful opportunity to obtain, available loss mitigation options such as loan modifications or other alternatives to foreclosure. HBOR provides a private right of action against loan servicers and trustees for their conduct during foreclosure, as well as during the loan modification application submission and review processes.

C 14-01295 LB
ORDER                                              8

dismiss Plaintiffs' second claim.[6]

### D. Plaintiffs' Request to Set Aside the Trustee's Sale Fails

Nationstar also argues Plaintiffs' request to set aside the Trustee's Sale fails because none of Plaintiffs' claims allow for such a remedy. *See* Motion, ECF No. 7 at 13 (citing Cal. Civ. Code § 2924.12(b) and (e); Cal. Civ. Code § 3294(a); *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239-41 (1995)). Plaintiffs did not respond to this argument in their opposition brief. *See generally* Opposition, ECF No. 11. Accordingly, the court dismisses Plaintiffs' request to set aside the Trustee's Sale.

### CONCLUSION

Based on the foregoing, the court **GRANTS** Nationstar's motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint. Plaintiffs may file a First Amended Complaint by May 26, 2014.

**IT IS SO ORDERED.**

Dated: May 5, 2014

_____
LAUREL BEELER
United States Magistrate Judge

---

[6] The court does not reach Nationstar's statutory argument that Plaintiffs' HBOR claim fails because each of the Agbowos do not reside at the Property. This argument is based upon Plaintiffs' lack of specificity about residence in the Complaint and upon Plaintiffs' statement in their opposition that Margaret lives there. Because the court does not know what Plaintiffs' allegations in this regard actually are, the court believes it would be inappropriate to rule on Nationstar's argument at this time. Nationstar may raise it again later.