United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THERESA AGBOWO, et al., | No. C 14-01295 LB |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND DENYING AS MOOT PLAINTIFFS' MOTION TO APPEAR BY TELEPHONE** |
| v. | |
| NATIONSTAR MORTGAGE LLC, | |
| Defendant. | [Re: ECF No. 50] |

**INTRODUCTION**

Plaintiffs Theresa Agbowo and Margaret Agbowo sued Nationstar Mortgage LLC("Nationstar") and Does 1-100 in Alameda County Superior Court for claims related to Nationstar's failure to provide them with a loan modification and subsequent foreclosure upon their property. *See* Notice of Removal, Ex. A ("Complaint"), ECF No. 1 at 14-20.[1] Plaintiffs now want to file a second amended complaint. *See* Motion, ECF No. 50. Pursuant to this district's Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the December 18, 2014 hearing and denies as moot Plaintiffs' motion to appear by telephone at it. *See* Motion to Appear by Telephone, ECF No. 53. Upon consideration of the papers submitted and

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C 14-01295 LB
ORDER

the applicable legal authority, the court **GRANTS** Plaintiffs' motion. Plaintiffs must file a second amended complaint as a separate docket entry no later than December 19, 2014.

## STATEMENT

Plaintiffs filed their original complaint on February 4, 2014, and they filed their first amended complaint on May 27, 2014. *See* Complaint, ECF Nos. 1; First Amended Complaint, ECF 16. They brought the following four claims: (1) violation of California Civil Code § 2923.6(c) & (d); (2) breach of fiduciary duty; (3) violation of the California Homeowner Bill of Rights; and (4) fraud. *See* First Amended Complaint, ECF No. 16 ¶¶ 18-48. Nationstar moved to dismiss all four claims, and on August 1, 2014 the court dismissed without prejudice Plaintiffs' second, third, and fourth claims, but ruled that Plaintiffs' first claim survived. *See* 8/1/2014 Order, ECF No. 30. Rather than filing a second amended complaint at that time, Plaintiffs stood on their narrowed first amended complaint, so Nationstar answered the first amended complaint on September 5, 2014. *See* Answer, ECF No. 32.

Following the Case Management Conference held on September 25, 2014, the court issued on September 26, 2014 a case management and pretrial order. *See* 9/26/2014 Order, ECF No. 43. The order set case management deadlines, including a deadline "<u>to seek leave</u> to add new parties or amend the pleadings." *Id.* at 2 (emphasis added). That deadline was October 27, 2014. *Id.*

On October 26, 2014, rather than seeking leave to amend the pleadings, Plaintiffs simply filed a second amended complaint. *See* Proposed Second Amended Complaint, ECF No. 45. Because Plaintiffs did not seek leave before filing their second amended complaint, the court struck it. *See* 11/4/2014 Order, ECF No. 48. The court, however, told Plaintiffs that they could file a motion seeking leave to file a second amended complaint by Tuesday, November 11, 2014. *Id.*

On that date, Plaintiffs did so. *See* Motion, ECF No. 50. Defendants oppose Plaintiffs' motion. *See* Opposition, ECF No. 52. Plaintiffs did not file a reply.

## ANALYSIS

Under Rule 15, after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This leave policy is applied with "extreme

C 14-01295 LB
ORDER                    2

liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Delay alone is insufficient to justify denial of leave to amend. *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id.* The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Motions to amend the pleadings filed <u>after</u> the court's deadline for doing so (i.e., after the deadline set in the court's scheduling order) must satisfy the more stringent "good cause" showing required under Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609.

Nationstar argues that Rule 16, rather than Rule 15, applies because Plaintiffs filed their motion after the October 27, 2014 deadline, which was set in the court's September 26, 2014 scheduling order, to seek leave to add new parties or amend the pleadings. *See* Opposition, ECF No. 52 at 5. But given that Plaintiffs attempted to amend their complaint (when they impermissibly filed their proposed second amended complaint) before the October 27, 2014 deadline, the court extended the deadline to November 11, 2014 for them to seek leave to do so. Plaintiffs filed their motion on that date. Accordingly, the court will apply Rule 15, and not Rule 16, to determine whether to allow Plaintiffs to file a second amended complaint.

In their motion, Plaintiffs say that they want to add a claim for fraud and a claim for violation of California's Rosenthal Fair Debt Collection Practices Act. *See* Motion, ECF No. 50 at 1. And in support of their motion, Plaintiffs say that these new claims "are based largely on the same acts of Defendants as the remaining cause of action" and thus "[i]t is . . . unlikely [the new claims] will

C 14-01295 LB
ORDER         3

cause Defendants to have to do additional discovery or require greater litigation costs." *Id.* at 2. They also say that allowing the new claims "will cause a delay in the proceedings." *Id.* In a declaration supporting the motion, Plaintiffs' counsel says that the impetus for adding a RFDCPA claim was that he "became aware of a class action suit involving similar facts" and that "such an approach had not occurred" to him before. Johnson Decl., ECF No. 50-2 ¶ 3. There is nothing to indicate that Plaintiffs seek to amend their complaint in bad faith or unreasonably delayed in doing so.

Nationstar first argues that the new claims should not be allowed because they are futile. *See* Opposition, ECF No. 52 at 5-7. As for the RFDCPA claim, Nationstar points out that Plaintiffs' counsel did not identify the class action suit that inspired him or explain how its facts are similar to those here, but Nationstar does not cite to authority requiring Plaintiffs' counsel to do so, and the court does not see why this failure matters. Nationstar also says that Plaintiffs failed to identify a particular provision of the RFDCPA, but this is an argument better suited to a motion to dismiss. As for the fraud claim, Nationstar says that Plaintiffs still have not identified any specific misrepresentation it made or sufficiently alleged that they justifiably relied upon those misrepresentations. It also says that Plaintiffs have pled themselves out from under Cal. Civ. Code § 2923.6 by alleging that they previously had been denied a loan modification. Again, the court would prefer to analyze these issues on a fully briefed motion to dismiss, not a slightly briefed motion to amend.

Nationstar also argues it will be prejudiced if amendment is allowed. It emphasizes that the case will be delayed because, if amendment is allowed, it will file yet another motion to dismiss. *See* Opposition, ECF No. 52 at 7. It also points out that the parties already discussed settlement in an early neutral evaluation in the context of the first amended complaint and that they have a settlement conference scheduled with Judge Laporte for January 22, 2015. In preparation for that settlement conference, Nationstar propounded discovery on Plaintiffs' first claim only. It is true that allowing a new complaint will delay the proceedings a bit, but this action is still in its early stages and there is plenty of time left. Indeed, fact discovery does not close until July 24, 2015, and trial is not until December 14, 2015. As for the settlement conference, any timing problems can be fixed:

the parties can ask Judge Laporte to reschedule it. In short, the court does not find that amendment will prejudice Nationstar and finds that the delay is negligible. Under the liberal Rule 15 standard, then, the court finds that Plaintiffs should be allowed to file a second amended complaint.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiffs' motion. Plaintiffs must file a second amended complaint as a separate docket entry no later than December 19, 2014.

**IT IS SO ORDERED**.

Dated: December 15, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 14-01295 LB
ORDER                       5