LYLE W. JOHNSON, ESQ., STATE BAR #071362
GINNY BEDI, ESQ., STATE BAR #232019
BEDI & JOHNSON
152 North Third Street, Suite 550
San Jose, California 95112
Telephone: (408) 298-8262
Facsimile: (408) 298-8010

Attorney for Plaintiffs, MARGARET OGBOWO AND THERESA OGBOWO

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARGARET AGBOWO and THERESA AGBOWO,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC and Does 1 to 100,<br><br>Defendants.<br>_____/ | CASE NO.: 14-cv- 001295-LB<br><br>PLAINTIFFS' THIRD AMENDED COMPLAINT<br><br><br><br><br>Courtroom: C, 15th Flr.<br>Judge: Hon. Laurel Beeler |

PLAINTIFFS, Margaret Ogbowo and Theresa Ogbowo (hereinafter "Plaintiffs") complain and allege as follows:

**PARTIES AND VENUE**

1. At all times mentioned herein, Plaintiffs have been residents of Alameda County, California.

2. Jurisdiction of the subject matter in this Court is proper because the cause of action herein arose in Alameda County, California by virtue of Mortgage loan and related inter-temporal transactions associated therewith which concern the Plaintiffs' primary residential real estate which is located at 853 51st Ave, Oakland, CA, (hereinafter, referred to as "subject property") within Alameda County, California which is within this Judicial District. That

---

1   Plaintiffs reside in this home and have resided therein for the last 7 years.

2       3.    Venue of this action is proper with this Court as least one name Defendant subject to suit within this Court, and thus all Defendants are properly sued in this Court.

4       4.    On information and belief, Plaintiffs allege that Defendant Nationstar, hereafter referred to as Defendant is a federally charted bank, regulated by the Office of the Comptroller of Currency, Department of Treasury.  Defendant is the beneficiary of a promissory note secured by a deed of trust on the above property.  Plaintiffs have been working with the Nationstar Mortgage Modification Department to obtain a mortgage modification.  Defendant has offices throughout the state of California and routinely does business in California.

    5.    The true names and capacities, whether individual, corporate or otherwise of Does 1 through 50, inclusive, are unknown to Plaintiffs are presently unaware of facts which would give rise to a cause of action against said Doe Defendants, and therefore sue said Defendants by such fictitious names and will seek leave of court to amend the complaint to show their true names and capacities when the same are ascertained. Plaintiffs will make all allegations necessary and proper to charge said Defendants herein, all of whom are responsible in some manner for the events and happenings herein referred to, proximately causing damages to Plaintiffs.

**JURISDICTION**

    6.    The jurisdiction of this court is based on C.C.P § 88; <u>Cal. Const., Art. VI, section 10</u>, <u>Code Civ. Proc., section 88.</u>

    7.    Venue is proper in Alameda County, California because the parties, acts, and/or events that are the subject of this action took place in Alameda.

**STATEMENT OF FACTS**

    8.    Plaintiff, MARGARET AGBOWO and THERESA AGBOWO, signed an Adjustable Note dated September 7, 2006.  This note was in the sum of $417,000.00 payable to Home Loan Specialists.  This note was not signed by Lazarus Agbowo. (Exhibit "A")  For some reason his signature is included on the deed of trust, date 9-21- 2006. The property located at 530 53rd Street Oakland and 5301 Genoa Street.  Although this is one building it is designated as a

LWJ/Agbowo Third Amended Com      Agbowo v. Nationstar, et. al.
Plaintiffs' Third Amended Complaint
San Francisco Case No. 14-cv- 001295-LB      Page 2

duplex by the City of Oakland, California. The upstairs portion has one address and the downstairs has the other address. Although the property was purchased in 2006 Margaret did not occupy the property as her principal residence until 2008. This delay was the result of the condition of the property when it was purchased. The property had to be repaired and was remodeled to fit the needs of Margaret. Since the property remodel was finished in 2008 this has been the primary residence for Margaret. Proof of her residency has been provided to Nationstar on more than one occasion.

9. This note was transferred to Aurora Loan Services. As the result of an error on the part of plaintiffs the property taxes were not paid. Aurora demanded that the property tax arrears be paid in a single payment. Plaintiffs lacked the financial means to pay the property tax arrears in a single payment. Aurora then refused to receive the regular monthly payments until the property tax arrears had been paid, in a single payment.

10. In November 2009 plaintiffs applied for a mortgage modification with Aurora Loan Services. Aurora reviewed the request for mortgage modification and offered them a trial payment plan. After the trial payment plan was completed, Aurora did not offer plaintiffs a mortgage modification package, nor deny the mortgage modification. At that time Aurora transferred the note and deed of trust to Nationstar.

11. On March 11, 2011, Margaret Agbowo filed a Chapter 13 in an attempt to save her home. Margaret was informed sometime after she filed the Chapter 13 that it would not save her home. The Chapter 13 was voluntarily dismissed by Margaret in June 2012.

12. Plaintiffs prepared a mortgage modification request and third party authorization was submitted to Nationstar on or about August 30, 2012. (Exhibit "B") Plaintiffs hired Hyatt Chaghouri to assist in the mortgage modification process. Margaret Agbowo is a school teacher and is unable to receive or return telephone calls only during normal business hours. Hyatt was available to receive and return telephone calls during this time. The complete package for a mortgage modification was faxed to Nationstar on October 10, 2012. (Exhibit "C")

13. From November 2012 to July 25, 2013 Nationstar submitted 11 requests for additional information. Plaintiffs responded to each of these demands. Plaintiffs submitted a

1  complete loan modification plan and as shown by Exhibit "D" submitted many of the required
2  documents were submitted several times. A chart of the documents submitted, with abbreviated
3  descriptions of the documents is attached as Exhibit "E".
4    14. Nationstar in a letter dated July 25, 2013, stated that plaintiffs request for
5  mortgage modification was denied due to a lack of providing all of the required document.
6  Exhibit "F" Hyatt had called Nationstar Mortgage Modification center earlier in July, 2013, and
7  after lengthy time on the telephone was able to get the person she was working with to find all
8  the required documents. This person further stated that with all the required documents there, the
9  request for mortgage modification was being sent to the underwriter.
10   15. Nationstar's letter giving notice of the rejection of the loan modification merely
11 state that plaintiffs could call a telephone number to discuss the reason for the denial. This
12 statement does not explain plaintiffs right to contest the denial and have an opportunity to present
13 their position and have the denial fully reviewed.
14   16. On July 30, 2013, a Request For Mortgage Modification was faxed to Nationstar.
15 This request was accompanied by a complete list of items required for the mortgage modification
16 to be reviewed. Nationstar did not object to this mortgage modification request. Nationstar
17 accepted this request for mortgage modification as is shown by the request for more documents
18 which were faxed on August 22, 2013. This was followed by another request for documents
19 which were faxed to Nationstar on September 23, 2013. A list of the items faxed to Nationstar is
20 contained in Exhibit "G".
21   17. Nationstar recorded a notice of trustee's sale on August 28, 2013. (Exhibit "H")
22 This notice set September 26, 2013, as the date for the foreclosure sale. The foreclosure sale date
23 was just 3 days after the last request for documents complied by faxing the documents to
24 Nationstar. Nationstar was prohibited by CC §2923.6 (c) from recording the notice of the
25 trustee's and conducting the trustee's sale.
26   18. In November 2013 Margaret received a letter from an attorney that was retained to
27 assist the new owner of the property (Nationstar) gain possession on November 14, 2013.
28 (Exhibit "I") This letter was the first notice received by plaintiffs that the September 28, 2013,

LWJ/Agbowo Third Amended Com    Agbowo v. Nationstar, et. al.
Plaintiffs' Third Amended Complaint
San Francisco Case No. 14-cv- 001295-LB    Page 4

1  foreclosure sale had been conducted.  This attorney was contacted and informed that plaintiffs
2  considered Nationstar's conduct to be dual tracking.  A copy of the notes from Hyatt showing the
3  dates and documents that were provided to Nationstar, were faxed to  this attorney, and who then
4  sent them to Nationstar. No further action was taken by Nationstar to evict Margaret from the
5  home.

6  19. Plaintiffs received notice that their second request for mortgage modification had
7  been rejected in a letter dated December 3, 2013.  The stated reason for this rejection was that
8  they were unable to verify that property was owner occupied by Theresa.   Plaintiffs were
9  contacted some time later in December,2013, by a representative of Jorge Losada, the new owner
10 of the property.  Mr. Losada had purchased the property from Nationstar on December 3, 2013.

11 **FIRST CAUSE OF ACTION**
12 **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.6 (c) &  (d)**
13 **FIRST REQUEST OF MORTGAGE MODIFICATION SUBMITTED ON OR ABOUT**
14 **AUGUST 2012**

15 20. Plaintiffs incorporate paragraphs 1 through 19 as set forth in full herein.
16 21. Plaintiffs will refer California Civil Code as CC.  Defendants violated CC
17 §2923.6 (c).  This section prohibits a first lien servicer from recording a notice of default or
18 notice of default sale or conduct a trustee's sale while a complete loan modification loan
19 application is pending.
20 22. Plaintiffs submitted a complete loan modification package to Nationstar on
21 October 10, 2012, see Exhibit "C" for a complete list of documents sent to Nationstar along with
22 the request for mortgage modification.  Additional requests for documents were made by
23 Nationstar.  Plaintiffs responded to each request for additional documents in a timely manner.
24 23. Plaintiffs submitted a complete mortgage modification request to Nationstar.  The
25 submission of the completed mortgage modification form satisfied the requirements of CC
26 §2923.6 (c).  This code section prohibits the recording a notice of default or a trustee sale until
27 one of the three occurs:
28       (1) The mortgage servicer makes a written determination that the borrower

> is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Here Nationstar gave a bad faith written statement denying the mortgage modification. Plaintiffs had already confirmed that all of the required documents had been received. The denial of the mortgage modification was on the ground that not all of the required documents had been submitted. Further the July 25, 2013 written notification of the denial did not properly notify plaintiffs that they had the right to a review of the decision. The notice merely stated that they could call the provided number to discuss the denial.

24. This statement does not meet the requirement of CC §2923.6 (d) which provides as follows:

> (d) If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error.

Stating that plaintiffs could call and discuss the denial is not the same as an appeal in which they could provide evidence that the servicer's determination was in error.

25. The recording of the notice of trustee's sale was only 33 days after the letter of denial was written. There is no evidence as to when it was mailed. California Civil Procedure provides that a notice mailed to another state requires that an additional 10 days be added to the time for service. The notice provided in CC §2923.6 (d) is 30 days. The notice required by CC § 2923.6(e)(1) is 31 days after the borrower is notified in writing. California Code of Civil Procedure provides that when mailing notice to another state that 10 shall be added to the statutory notice time. Nationstar is located in Texas and therefore the additional 10 days for mailing should be applied here. Thus the trustees sale could not have been recorded until 41 days from the date of the written notice had passed.

26.     As a direct and proximate result of Nationstar violating CC §2923.6 (c) and (d) plaintiffs suffered economic loss and the loss of use of the home that had been remodeled to meet the needs of Margaret.  Resulting in economic damages in the sum of $750,000.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.6 (c) &  (d)

## SECOND REQUEST OF MORTGAGE MODIFICATION SUBMITTED ON OR ABOUT JULY 26, 2013

27.     Incorporate herein as though set forth in full paragraphs 1 through 26 above.

28.     Plaintiff's submitted a second request for mortgage modification on or about July 26, 2013.  California Civil Code 2923.6 (g) states that when a borrower has been afforded a fair opportunity to be evaluated the servicer is not required evaluate a loan modification submitted by the borrower.  Nationstar may not have been required to consider a second request for mortgage modification, when the second request for mortgage modification was submitted and accepted it prohibited Nationstar from recording the notice of trustee's sale. The notice of trustees sale was recorded on August 28, 2013, during the time that plaintiffs' mortgage modification was being considered.

29.     Plaintiffs second request for mortgage modification was complete at the time it was submitted.  See the first page of Exhibit "G", bates stamped 20.  This application consisted of 32 pages.

30.     Nationstar requested additional information which was faxed on August 23, 2013. The request was for 3 items: 1. Last quarter profit and loss statement; 2. Bank statement to show proof of the rental income of $1,800 per month; 3.  Margaret's last pay stub. Each of these items were included in the request for mortgage modification submitted on or about July 26, 2013.

31.     Further information was requested and the response was faxed on September 23, 2013. This request was for verification of the loan number and the address of the property.  This Profit and Loss statement for Lazarus Tax Services was requested for the first time.

32.     These requests for additional information show that this mortgage modification was being considered. Rejection of this request for modification was contained in a letter dated

1   December 3, 2013.

2   33.     Nationstar violated the HOBR twice.  First they recorded a notice of a trustees
3   sale while the request for mortgage was being considered; Second  the foreclosure sale was
4   conducted during the consideration of the mortgage; Third the foreclosure took place sooner that
5   31 days after the notice of rejection.

6   34.     As a direct and proximate result of Nationstar violating CC §2923.6 (c) and (d)
7   plaintiffs suffered economic loss and the loss of use of the home that had been remodeled to meet
8   the needs of Margaret.  Resulting in economic damages in the sum of $750,000.

## THIRD CAUSE OF ACTION

## VIOLATION OF UNFAIR DEBT COLLECTION PRACTICES

11   35.     Incorporate herein as though set forth in full paragraphs 1 through 35 above.

12   36.     Nationstar holds itself out as a debt collector, see  the notice of rejection of the
13   request for loan modification dated July 25, 2013(Exhibit "F") and December 3, 2013 (Exhibit
14   "J")

15   37.     In July 2013 plaintiffs' agent, Hyatt, contacted Nationstar's mortgage
16   modification department.  After a lengthy telephone conference, Hyatt was told that all of the
17   required documents were in the file, for the mortgage modification.  The request for mortgage
18   modification was to be sent to the underwriter that day.

19   38.     The rejection letter dated July 25, 2013, stated the required documents were not
20   provided and the mortgage modification could not be evaluated. The lack of required documents
21   statement is contrary to the previous statement that all of the required documents were in the file.

22   39.     Nationstar's conduct following the second request form mortgage modification
23   violates 15 USC 1692e (10).  This code section prohibits the use of false or deceptive means to
24   collect a debt.  California's Rosenthal Fair Debt Collection act at CC §1788.17 requires that debt
25   collectors follow the requirements of 15 USC 1692b through 15 USC 1692j.

26   40.     Nationstar used deception by giving the false impression to plaintiffs that their
27   mortgage modification request faxed on July30, 2013 was being processed in good faith.  As a
28   direct and proximate result of this deception plaintiffs did not take any further steps to protect

1 Margaret's home.

2     41.    The intent to deceive plaintiff's is shown by the notice of rejection dated
3 December 3, 2013. (Exhibit "J") Further the rejection was in bad faith as it stated the grounds
4 for rejection was their in ability to verify that it was Theresa's residence. Nationstar's position
5 that time was that all parties signing the promissory note were required have the subject property
6 as their primary residence.

7     42.    As a direct and proximate result of the deceitful conduct of Nationstar plaintiffs
8 have been damaged financially in an amount to be determined at trial.

9     WHEREFORE PLAINTIFFS PREY FOR JUDGMENT as follows:

10 First and Second Causes of Action

11    1.    Judgement in the sum of $750,000

12    2.    As to the third cause of action plaintiffs are requesting in addition to damages
13        punitive damages.

14    3.    Costs of Suit and such other further damages as the court deems appropriate.

16 Dated: February 26, 2014                             BEDI & JOHNSON

18                                                /S/Lyle W. Johnson
                                               By: Lyle W. Johnson, Esq.
                                               Attorney for plaintiffs

LWJ/Agbowo Third Amended Com                                Agbowo v. Nationstar, et. al.
Plaintiffs' Third Amended Complaint
San Francisco Case No. 14-cv- 001295-LB                                     Page 9