MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
THOMAS N. ABBOTT (State Bar No. 245568)
tna@severson.com
MEGAN C. KELLY (State Bar No. 251293)
mck@severson.com
TORIANA S. HOLMES (State Bar No. 282600)
tsh@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| THERESA AGBOWO and MARGARET AGBOWO,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 3:14-cv-01295-LB<br><br>**DEFENDANT NATIONSTAR MORTGAGE LLC'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Date: April 16, 2015<br>Time: 9:30 a.m.<br>Crtrm.: C<br>Judge: Hon. Laurel Beeler<br><br>Action Filed: March 20, 2014<br>Trial Date: December 14, 2015<br><br>Third Amended Complaint Filed: February 26, 2015 |

Defendant Nationstar Mortgage LLC ("Defendant") hereby submits the following reply to Plaintiffs Margaret Agbowo and Theresa Agbowo's ("Plaintiffs") Opposition to Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC").

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

As a preliminary matter, Plaintiffs' Opposition to Defendant's Motion to Dismiss the TAC, filed on March 30, 2015, as Docket Entry No. 87, appears to be incomplete, reflecting only the last page of the opposition.  Defendant therefore submits this limited reply based upon what has been filed.

As stated in Defendant's Motion to Dismiss, Plaintiffs' claims in the TAC suffer from the same fatal deficiencies cited by the Court in the February 12, 2015 Order granting Defendant's Motion to Dismiss the Second Amended Complaint (See Dkt. No. 75).

Plaintiffs' Opposition fails to offer any viable counter argument to remedy the fatal deficiencies cited in Defendant's Motion to Dismiss the TAC.  Plaintiffs have been afforded ***four*** opportunities to amend the pleadings, yet still fail to state any cognizable claim against Defendant.  Therefore, Defendant respectfully requests that the motion to dismiss be granted in its entirety, without leave to amend.

## II.  ARGUMENT

From the one page Opposition that was filed, it is unclear what specific cause of action they are referring to.  But from what can be gleamed from the one page, Plaintiffs appear to argue that they had submitted a complete request for mortgage modification with their First Request for Mortgage Modification that was submitted on or about August 2012. (See Opposition ("Opp."), ¶¶ 22 – 26.)

Plaintiffs cite portions of Cal. Civ. Code § 2924.18(d) in support of the proposition that they submitted a complete application to Defendant.  However, Cal. Civ. Code § 2924.18 is inapplicable to these set of facts.

First, Plaintiffs' allegations against Defendant are under Cal. Civ. Code § 2923.6 and Plaintiffs do not any allege facts that Defendant falls within Cal. Civ. Code § 2924.18.

Second, and more importantly, as cited in Defendant's moving papers, and reiterated

1  herein, Cal. Civ. Code § 2923.6 makes clear that a loan modification application is only deemed
2  "complete" when "a borrower has supplied the mortgage servicers with all documents required by
3  the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." (Cal.
4  Civ.Code §2923.6(h).)  Whether or not the lender has received "all documents required by the
5  mortgage servicers" is *a determination that can only be made by the mortgage servicer, not the*
6  *borrower.* (*Id.*; see also *Rockridge Trust v. Wells Fargo, N.A.* (N.D. Cal., 2013) 2013 WL 5428722
7  *26, citing to the plain language of the statute.)(emphasis added.)

8        Plaintiffs allege that they submitted a "complete" loan modification package to Defendant
9  on October 10, 2012 (TAC, ¶ 22).  However, Plaintiffs' subsequent allegations and attachments to
10 the TAC negate Plaintiffs' conclusory characterization that the application was "complete."
11 Plaintiffs admit that "additional requests for documents were made by Nationstar." (*Id.*)  The fax
12 transmittal cover pages, attached as Exhibit D, further evidence the fact that Defendant had not
13 received a complete loan modification application. (TAC, Exhibits D and F.)  The letter dated July
14 25, 2013, attached as Exhibit F to the TAC, further contradicts Plaintiffs' conclusory allegations
15 and establishes that Plaintiffs' application was in fact *not* complete.  Defendant could not complete
16 a review of their request for a loan modification because Defendant did not have a complete
17 application.  (TAC, ¶¶ 13, 22 and Exhibit F.)  It is clear from Plaintiffs' allegations in the TAC
18 that their October 2012 loan modification application was not "complete" within the definition
19 provided by Cal. Civ. Code § 2923.6.  (TAC, ¶ 13.)

20       Even more fatal to Plaintiffs' claims is the fact that they have not alleged any violation of
21 the Homeowner Bill of Rights ("HBOR") under either application. As set forth in Defendant's
22 moving papers, Plaintiffs do not allege that a notice of default or notice of sale was recorded or
23 that a trustee's sale was conducted between October 2012 and July 2013, the period that they
24 submitted their first request for mortgage modification.  Instead, Plaintiffs allege that the notice of
25 trustee's sale was recorded "33 days after the letter of denial was written." (TAC, ¶ 25.)

26       As to their second request for mortgage modification, Plaintiffs again admit that their July
27 26, 2013 application was not complete. (TAC, ¶¶ 30, 31.)  Therefore, no complete loan
28 modification application had been received by Defendant when the Notice of Trustee's Sale was

1  recorded on August 28, 2013.

2  Accordingly, Plaintiff cannot establish a viable cause of action for violation of Cal. Civ.
3  Code § 2923.6, under either application.

4  In addition, Plaintiffs offer no opposition to Defendant's argument against Plaintiffs' Third
5  Cause of Action for Violation of Unfair Debt Collection Practices.  Thus, Plaintiffs have conceded
6  this point and the motion to dismiss this claim must be dismissed without leave to amend.

## III.  CONCLUSION

8  For the reasons set forth herein and in the motion to dismiss, Defendant respectfully
9  requests that the Court grant its present motion without further leave to amend, dismissing
10  Plaintiffs' Third Amended Complaint with prejudice.

12  DATED:  April 6, 2015          Respectfully submitted,

           SEVERSON & WERSON
           A Professional Corporation


           By:     */s/*  Toriana S. Holmes
                        Toriana S. Holmes

           Attorneys for Defendant
           NATIONSTAR MORTGAGE LLC